IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| U.S. BANK NATIONAL ASSOCIATION, | : | CIVIL ACTION |
| TRUSTEE, AS SUCCESSOR, IN INTEREST | : | |
| TO BANK OF AMERICA, NATIONAL | : | |
| ASSOCIATION, AS SUCCESSOR BY | : | NO.  14-2333 |
| MERGER TO LASALLE BANK NATIONAL | : | |
| ASSOCIATION, AS TRUSTEE FOR BEAR | : | |
| STEARNS COMMERCIAL MORTGAGE | : | |
| SECURITIES INC., COMMERCIAL | : | |
| MORTGAGE PASS-THROUGH | : | |
| CERTIFICATES, SERIES 2007-TOP26, | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| 815 LIMITED PARTNERSHIP, | : | |
| Defendant. | : | |

## MEMORANDUM

BUCKWALTER, S. J.                                                                                          June 25, 2014

      Plaintiff seeks an order appointing a receiver who will manage, operate and preserve the mortgaged premises located at 815 N. Pottstown Pike, Exton, Pennsylvania.  If appointed, the receiver would receive and take possession of the mortgaged premises and the rents, revenues, income and profits generated therefrom.

      Under these circumstances, federal court cases seem to suggest that particular caution should be exercised before making such an appointment.  Whether a contractual provision allows for the appointment of a receiver must factor into the decision.

      In this case, such a clause exists which essentially provides that among other remedies upon default, the Lender may apply for the appointment of a receiver.  Unlike some mortgage

agreements, there is no specific consent to that appointment by Borrower, although in this particular case, the Borrower simply agrees that Lender may apply for the appointment.

There is no question that Borrower has defaulted on the mortgage by failing to make payments since January 1, 2014. However, there is no evidence that the value of the mortgaged premises will be inadequate security. The plaintiff offers only an opinion that if the mortgaged premises loses its franchise, the value of the security would be impaired. There is no affidavit in support of this from an expert or anyone else.

Moreover, the effect on foreclosure has not been discussed.

The unstable financial status of the Lender and the misuse of project funds has not been specified, other than the fact that Lender has defaulted in payment obligations, a not insignificant factor, to be sure.

The Borrower paints a different picture. It states that it is not in further default and paints a picture of continuing to operate the mortgaged premises in a manner designed to maintain and improve the franchise and suggests that a change of managers would cause disruption, resulting in decreased cash flow and a decrease in the value of the mortgaged premises.

There is not surprisingly a significantly different spin concerning the effect of the default between Lender and Borrower. But in the final analysis, a quote from a case cited by both parties, Wells Fargo Bank, N.A. v. CCC Atlantic, LLC, 905 F.Supp.2d 604 (2012) is pertinent:

> When the moving party seeks a receiver who will not only
> collect rents and profits, but will also manage and operate
> the mortgaged property pending foreclosure, federal courts
> are particularly cautious in appointing a receiver.....

While arguably showing the doubtful financial standing of Borrower by failure to make payments, Lender has not established the inadequacy of the security.

An order follows.